STELMACH & STELMACH, LLP
REA STELMACH, ESQ., SBN 296671
11630 Chayote St., Suite 3
Los Angeles, California 90049
Telephone: (424) 652-6590
Facsimile: (310) 472-1268

Attorneys for Plaintiff Moran Stelmach.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORAN STELMACH,<br><br>             Plaintiff,<br><br>v.<br><br>GRANT & WEBER, a California Corporation, and DOES 1 through 10, inclusive,<br><br>             Defendants. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2. VIOLATING THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT;<br>3. NEGLIGENCE<br><br>and DEMAND FOR JURY TRIAL |

      Plaintiff MORAN STELMACH alleges the following facts in support of her claims against defendants GRANT & WEBER, and DOES 1 through 10.

## PARTIES

1. The plaintiff, MORAN STELMACH ("Plaintiff" or "Stelmach") is a natural person and resident within this district.

2. Defendant GRANT & WEBER was, at all times relevant to this complaint, a California company, the principal business purpose of which is the collection of debts that were previously owed to another.

## JURISDICTION

3. Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## VENUE

4. All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## FACTUAL ALLEGATIONS

Plaintiff is informed and believes and thereon alleges that:

5. The alleged debt on which Defendants based their claim of right to sue Plaintiff was acquired by Defendants, or some predecessor party by some other method of acquisition.

6. Ms. Stelmach was not aware of the lawsuit nor subsequent judgment entered against her. However, she received multiple phone calls from someone named Oscar, who would ask to speak to Ms. Stelmach. When Ms. Stelmach would ask what this was regarding, this caller would state, "you know what this is about." Upon later learning of this alleged debt and its collection efforts, Ms. Stelmach learned that this Oscar is in fact Oscar Soto, the Grant & Weber agent handling her alleged file. At no time during these phone calls did Mr. Soto disclose that he was a debt collector, or more specifically a debt collector attempting to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. §1692e(11) and d(6).

7. Plaintiff never received a demand letter in the mail from Defendants.

8. On October 19, 2012, Defendants filed a Complaint in the Los Angeles Superior Court entitled *Grant Weber v. Stelmach, Moran,* LASC Case No: 12E10439 (the "lawsuit").

9. The complaint demands prejudgment interest in excess of the legal and allowable

rate for a "common counts" cause of action in violation of California Constitution, article XV, section 1. The ten percent interest rate Defendants sought in its complaint is in violation of the FDCPA (15 U.S.C §1692(e)-(f) and Cal. Const., art. XV, §1.

10. On January 14, 2013, entry of default was filed and entered.

11. On January 30, 2013, a judgment was entered against Plaintiff.

12. On July 10, 2013, Defendants recorded an abstract of judgment against Plaintiff.

13. Plaintiff was not served with the complaint in the state court action, the default judgment, or a lien notice, and was therefore unaware of the lawsuit for several years.

14. Plaintiff retained counsel, who sent debt verification letters by certified mail on October 14, 2015 to Grant & Weber located at 26610 Agoura Road, Suite 209, Calabasas, CA 91302 and another to 2893 Sunrise Boulevard, Suite 201, Rancho Cordova, CA 95742.

15. In or around January of 2016, Defendants contacted Plaintiff's counsel and informed him of the lawsuit and judgment against Plaintiff.

16. After failing to amicably resolve this matter with Defendants, Plaintiff filed a Motion to Set Aside Default and Default Judgment.

17. On March 30, 2016, Plaintiff's Motion to Set Aside Default and Default Judgment came on for hearing. The court granted Plaintiff's Motion and vacated Plaintiff's Default and Default Judgment. The Motion Ruling was issued on March 30, 2016. The Court signed the order on April 11, 2016.

18. On April 1, 2016, Plaintiff's counsel sent an additional letter to Grant & Weber confirming that the claim is disputed. Defendants were advised that they have failed to fully verify the alleged debt in writing and that again, the claim must be reported as disputed to any third parties or credit bureau. Defendants failed to report the claim as disputed and failed to verify the claim in writing, as required by the FDCPA.

19. Defendants never verified the alleged debt and never reported it disputed.
20. Following the court's order vacating the default and default judgment and despite multiple demands by Plaintiff, Defendants failed to release the abstract of judgment.
21. The judgment and abstract of judgment negatively affected Plaintiff's credit rating. When Plaintiff attempted to obtain a loan, she was not able to obtain approval for a loan and was forced to seek a loan from family members.
22. Plaintiff believes, is informed and thereon alleges, that if this judgment and abstract were not being reported against her credit, she would have been offered a low rate of interest and would have taken advantage of the low rate of interest.
23. On November 9, 2016, <u>seven months</u> after the default and judgment were vacated, Defendants finally released the Judgment lien.
24. Plaintiff is informed, believes and thereon alleges that Defendant-by failing to take corrective action to clear Plaintiff's name within a reasonable time, while knowing all this time that they had wrongfully taken a judgment against her, and that the judgment had been vacated-acted intentionally and with indifference to Plaintiff's wellbeing, thereby perpetuating the damages caused to Plaintiff.
25. Plaintiff does not have a contract with Defendant;.
26. The original creditor does not have a contract with Plaintiff.
27. The collection of any alleged debt after having been written off or charged off would be a cause of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.
28. It is the practice of the original creditor to charge-off and sell evidence of indebtedness (after collecting insurance), thus the commercial paper illustrating the duty between the assignor and assignee becomes legally uncollectible.
29. That Plaintiff is unaware of any demands that the alleged debt be paid in full.
30. There is no evidence that this purported assignment was bona fide. There is no evidence of valuable consideration and no evidence that the purported assignor is

1    even aware of this action or has conveyed all rights and control to Defendant;

2    31. Defendants have violated Plaintiff's Fair Debit Credit Protection Act rights with
3    respect to this alleged debt.

4    32. Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C.
5    §1692e, because they made and/or employed false, deceptive, and misleading
6    representations and/or means in connection with the Los Angeles Superior Court
7    Case, *Grant & Weber v. Moran Stelmach, et. al.,* LASC case no:12E10439. Said
8    false, deceptive, and misleading representations were and have been made and are
9    being made to Plaintiff. Some or all of said false, deceptive, and misleading
10   representations were knowingly and intentionally made by Defendants.

11   33. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d
12   because they have engaged in conduct the natural consequences of which is to
13   harass, oppress, or abuse the Plaintiff in connection with the underlying Superior
14   Court action. Defendants knowingly and intentionally engaged in harassing,
15   oppressive, and/or abusive conduct toward the Plaintiff. Defendants knew or
16   should have known that the natural consequences of said conduct would be to
17   harass, oppress, or abuse the Plaintiff.

18   34. Defendants made knowing and intentional misrepresentations or misleading and/or
19   false representations as to the legal status, character, and/or amount of the debt in
20   violation of 15 U.S.C. §1692e(2), and in violation of U.S.C. 15 §1692e(10).

21   35. By filing the related superior court lawsuit, Defendants made the false, knowing,
22   and intentional representation to all persons having or acquiring knowledge of the
23   claims of Grant & Weber against Plaintiff, and said suit, including credit reporting
24   bureaus, and persons or entities Plaintiff might seek to obtain credit from, present
25   or future potential employers of Plaintiff, and other persons and entities that have
26   the legal right to pursue this account in the lower Court. By filing the Lawsuit,
27   Defendants made false, knowing, and intentionally deceptive and/or misleading
28   representations to the general public, creditors of Plaintiff, persons or entities

Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and others with respect to said account, all of which constitute violations of the Fair Debt Collections Practices Act and the Fair Business Practices Act.

# FIRST CAUSE OF ACTION

# VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

(Against all defendants)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37. Plaintiff is a "consumer" as defined at 15 U.S.C. §1692a(3).

38. Defendants are each a "debt collector," as defined at 15 U.S.C. §1692a(6).

39. Defendants violated the FDCPA in the following ways:

   a. Violation of §1692e by using a false, deceptive or misleading representation or means in connection with the collection of a debt;
   b. Violations of §1692e(2)(A) by making the false representation of the character, amount, or legal status of a debt;
   c. Violation of §1692e(5) by making a threat to take any action that cannot legally be taken;
   d. Violation of §1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning consumer;
   e. Violation of §1692f by the collection of any amount (including interest) that are not permitted by law;
   f. Violation of §1692d(5) by repeatedly engaging in telephone conversations and causing the telephone to ring with intent to annoy, abuse, or harass any person at the called number;
   g. Violation of §1692e(11) by failing to disclose to Plaintiff, in the initial communication and those which followed, that the debt collector is attempting to collect a debt and that any information obtained will be used

for that purpose. Additionally, by failing to disclose in all communications that the communication is from a debt collector.

    h. Violation of §1692g by failing to validate the debt within five days of Plaintiff's request for a verification and by failing to respond entirely to any verification and dispute letters.

40. As a result of defendants' violations of the FDCPA, Plaintiff is entitled to an award of maximum statutory damages, actual damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
(Against all defendants)

41. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

42. Plaintiff incorporates the violations of the FDCPA, as alleged above, pursuant to Cal. Civil Code §1788.17.

## THIRD CAUSE OF ACTION
## NEGLIGENCE
(Against all defendants)

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

44. Defendants owed a duty to Plaintiff of general and ordinary care to prevent injury.

45. Defendants breached this duty when they failed to serve necessary legal pleadings and documents, sought to collect an amount (including interest) that is not permitted by law, and failed to remove the abstract of judgment within a reasonable time.

46. As a result of said failures and unlawful practices, Plaintiff has suffered and is entitled to an award of actual damages, compensatory damages, and possible

punitive damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, STELMACH prays judgment against the Defendants for:

1. Pursuant to 15 U.S.C. §1692k(a), an award of the maximum statutory damages, actual damages, costs, and reasonable attorney's fees;
2. Pursuant to Cal. Civil Code §§1788.17 and 1788.32, an award of the statutory maximum statutory damages, actual damages, costs, and reasonable attorneys' fees;
3. For Count III, for an award of actual damages, compensatory damages, and punitive damages.
4. And for such other and further relief as the court deems proper.

DATED: March 13, 2017          STELMACH & STELMACH, LLP

By:/s/ Rea Stelmach
REA STELMACH, ESQ.
Attorneys for Plaintiff,
MORAN STELMACH

8
COMPLAINT